# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 12, 2013 Session

## DHYANNA MURO RAMIREZ ᴇᴛ ᴀʟ. v. BRIDGESTONE/FIRESTONE, INC., ᴇᴛ ᴀʟ.

**Appeal from the Circuit Court for Davidson County**
**Nos. 05C-1554,-1557,-1563,-1565,-1566,-1567,-1569 & -1571**
**Thomas W. Brothers, Judge**

---

**No. M2012-00860-COA-R3-CV - April 4, 2013**

---

These personal injury cases against Bridgestone/Firestone, Inc., and Ford Motor Company (collectively "the Defendants") were consolidated below for all pre-trial proceedings. They have been before this court twice before, first pursuant to a Tenn. R. App. P. 10 extraordinary appeal and later by way of a Tenn. R. App. P. 9 interlocutory appeal. They have generated two published opinions. *In re Bridgestone/Firestone and Ford Motor Company Tire Litigation*, 138 S.W.3d 202 (Tenn. Ct. App. 2003), *perm. app. den. Jun. 1, 2004* ("*Firestone I*"); *In re Bridgestone/Firestone and Ford Motor Company Litigation*, 286 S.W.3d 898 (Tenn. Ct. App. 2008), *perm. app. den. Mar. 23, 2009* ("*Firestone II*"). In *Firestone I*, we held that these cases should have been filed in Mexico. We dismissed them on the ground of forum non conveniens. In *Firestone II*, we held that unsuccessful attempts to file in Mexico could possibly establish that Mexico was not an available alternative forum, contrary to the assumption made by us in *Firestone I*. We remanded the cases for a hearing on the issue of whether the dismissals in Mexico took place in spite of the plaintiffs' good faith efforts or, rather, occurred because of the plaintiffs' manipulation of the cases in order to secure the dismissals in Mexico and thereby have an excuse to refile in Tennessee. The trial court dismissed eight of 26[1] pending cases. The cases that were dismissed fall into two distinct groups. One group involves tires ("the FR 480 tire cases"), specifically Firestone 480 tires, that were actually manufactured in Mexico. The trial court concluded that the failure to join the entity in Mexico that actually made the tires there showed that the plaintiffs in those cases should not be permitted to litigate whether Mexico was an available forum. The other group consists of two cases which were filed in Mexico on more than one occasion, only one of which was disclosed in discovery ("the Ramirez and Flores cases"). The plaintiffs in both groups (collectively "the Plaintiffs") appeal. We affirm.

---

[1]The 18 cases that were not dismissed are not at issue in this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Steve North, Madison, Tennessee, for the appellants, Dhyanna Muro Ramirez and Sacramento Baez Flores.

Douglas S. Johnston, Jr., Nashville, Tennessee, for the appellants, Juan Antonio Gonzalez, Bricio Yanez Islas, Francisco Zuno Perez, Gabriella Arellano Medina, Ivan Hillman Chapoy and Estanislao Amezcua Sanchez.

James F. Sanders and A. Scott Ross, Nashville, Tennessee, for the appellee, Bridgestone/Firestone, Inc.

Gregory G. Garre and Roman Martinez, Washington, DC; Wade C. Crosnoe, Austin, Texas; and Stephen A. Marcum, Huntsville, Tennessee, for the appellee, Ford Motor Company.

**OPINION**

I.

The quickest and most reliable way to "get up to speed" in the present appeal is with reference to the language of our opinion in *Firestone II*:

> . . . . In the prior appeal in this case, the trial court denied the Defendants' motion to dismiss on the grounds of *forum non conveniens*, finding that the Mexican courts were not an "adequate" alternative forum, and that the Defendants had not shown other factors warranting dismissal. *In re Bridgestone/Firestone*, 138 S.W.3d 202, 205 (Tenn. Ct. App. 2003). On appeal, this Court held that the "adequacy" of the alternate forum was not to be considered; the alternate forum need only be "available." *Id*. at 206. The appellate court noted that, because the Defendants had agreed to waive any jurisdictional defenses, "the courts of Mexico are available to adjudicate the instant cases." *Id*. at 207. The appellate court found that the relevant public policy factors, especially the difficulty of applying Mexican law, weighed in favor of

relegating the Plaintiffs to re-filing in Mexico. *Id*. at 208-09. Therefore, the trial court's denial of the motion to dismiss was reversed and the case was dismissed. *Id*. at 210.

Thereafter, the Plaintiffs filed their lawsuits in Mexico and the lawsuits were dismissed. They then re-filed the same lawsuits against the same Defendants in the same Tennessee court. After the Defendants' motion to dismiss was denied, the parties are here before us once again.

Clearly, a finding that the Mexican courts were an "available" alternative forum was necessary for the dismissal on the basis of *forum non conveniens*. Should issue preclusion be applied?

* * *

We find that issue preclusion can apply to the findings underlying a dismissal on the basis of *forum non conveniens*, and in particular can apply to a finding that an alternate forum is available. In this case, the finding of an available alternate forum was not made by the trial court; rather, it was made by the appellate court based on the record, after rejection of the trial court's reason for denying the Defendants' motion to dismiss.[2] Nevertheless, the finding was necessary to the appellate court's dismissal of the lawsuit on the basis of *forum non conveniens*, and can have preclusive effect in a subsequent action, "in the absence of any change in the material facts underlying [the prior] determination." ***Ex parte Ford Motor Credit***, 772 So.2d at 444; *see also **Zurick***, 426 S.W.2d at 771–72 (available alternate forum necessary to a *forum non conveniens* dismissal).

In this case, were it not for the proceedings in Mexico resulting in dismissal of the Plaintiffs' cases, we would grant the relief sought by the Defendants and hold, as a matter [of] law, that our prior decision precludes re-litigation of the issue of the availability of Mexico as an alternate forum. Like the Seventh

---

[2]It appears that the availability of Mexico as an alternate forum was essentially assumed, based on the Defendants' consent to waive any jurisdictional defenses. *See **In re Bridgestone/Firestone***, 138 S.W.3d at 206–07.

Circuit, however, we must conclude that "[i]t would be unfair . . . to pretend that nothing had occurred at all, particularly because the . . . assumption about the availability of a Mexican forum might, in the end, prove to be erroneous." *Bridgestone/Firestone*, 420 F.3d at 706. If this turned out to be the case, and this Court dismissed the re-filed lawsuits, then the Plaintiffs would be left with no forum in which to seek compensation for their injuries. A wrong incapable of redress, we think, serves neither justice nor equity. *See Marlene Indus. Corp.*, 712 F.2d at 1017; 47 Am. Jur. 2d Judgments § 490 at 50 & nn. 6 -11.

Consequently, we decline to hold, as a matter of law, that the Plaintiffs are precluded from reconsideration of the issue of the availability of Mexico as an alternate forum for their claims. The trial court's order denying the Defendants' motion to dismiss must be vacated. The cause must be remanded to the trial court to "thoroughly explore the circumstances surrounding" the Plaintiffs' proceedings in Mexico. On remand, the trial court should consider *whether the Plaintiffs acted in good faith in the Mexican proceedings, whether the Mexican proceedings were manipulated to achieve dismissal by the Mexican courts, and whether the Mexican court decisions are entitled to recognition here.* *In re Bridgestone/Firestone*, 420 F.3d at 706-07. In addition, the trial court may consider *whether the dismissal of the Plaintiffs' claims was foreseeable.* *See* Restatement (Second) of Judgments § 28(5)(b) and comment i. *If the trial court finds that the decisions of the Mexican courts should not be recognized, it may, in its discretion, hold that the Plaintiffs are precluded from re-litigating the issue of the availability of Mexico as an alternate forum, and dismiss the Plaintiffs' lawsuit on that basis.*

*Firestone II* at 906-09 (footnote 2 is in the original as footnote 11; headings omitted; emphasis in last paragraph added).

On remand following *Firestone II*, "the parties embarked on extensive litigation concerning the proceedings in Mexico with exhaustive discovery" that included the details of communications between the Plaintiffs' lawyers who handled the cases in Mexico and the lawyers who handled the cases in the United States. The trial court held a four day

evidentiary hearing before announcing its decision in a detailed memorandum opinion. The court summarized its various holdings as follows:

> To reiterate, by offering proof that the Mexican courts have refused jurisdiction, the Plaintiffs have proven a sufficient change in circumstances that justifies reexamination of the issue of availability. By submitting verified, signed orders from competent courts in Mexico, the Plaintiffs have also proven that the rulings from the Mexican courts are presumptively entitled to recognition.
>
> Defendants have proven by clear and convincing evidence that this Court should not reconsider availability in the *Baez Flores* and *Muro Ramirez* cases because of their concealment during the discovery process.
>
> In those cases involving the FR480 tires, Defendants have proven by clear and convincing evidence that Plaintiffs intentionally failed to name Mexican corporate defendants in their pleadings whose inclusion as Defendants may have provided grounds for jurisdiction or *competencia* for the Mexican courts. Therefore, Defendants have proven that the rulings in the cases involving the FR480 tires are not entitled to recognition by this Court because the proceedings in those cases were manipulated by the Plaintiffs.
>
> In those cases not involving FR480 tires, this Court finds that Defendants have failed to prove, by either clear and convincing evidence or by a preponderance of the evidence, that Plaintiffs acted with bad faith and manipulated the proceedings in the Mexican courts to obtain dismissals.
>
> This Court further finds that the courts of Mexico do not provide an available alternate forum because the courts of Mexico will not accept *competencia* or jurisdiction over these Defendants. Therefore, the essential element of availability does not exist

and the prior dismissal on grounds of *forum non conveniens* does not preclude the refiling of these cases[3] in Tennessee.

It was not foreseeable [in *Firestone I*] to the Plaintiffs that Mexican courts would refuse to accept jurisdiction over these cases until after the Supreme Court had denied the application for permission to appeal in June of 2004; therefore, they did not waive the question of the availability of Mexican courts as an alternative forum.

Accordingly, the Court finds and Orders as follows:

Defendants' Motions to Dismiss are hereby GRANTED in the following cases:

05C-1554 (Muro Ramirez), and
05C-1557 (Baez Flores).

\*   \*   \*

Defendants Motions to Dismiss are hereby GRANTED in the following cases involving the FR480 tires:

05C-1563 (Gonzalez, J.),
05C-1565 (Islas),
05C-1566 (Perez),
05C-1567 (Medina),
05C-1569 (Chapoy), and
05C-1571 (Sanchez).

As to the specific reasons for dismissing the Ramirez and Flores cases and the FR 480 tire cases, the court stated:

The strongest argument of Defendants is based on the credibility, or lack thereof, of the two individuals most closely associated with the Mexican proceedings – Mark Tippetts and Noelia Valenciano. Defendants assert that Mr. Tippetts

---

[3]This comment applied to the 18 cases before the trial court that were not dismissed. As previously noted, those cases are not before us in this appeal.

-6-

misrepresented himself as a lawyer and that Ms. Valenciano concealed two filings in Mexican courts. In essence, the Defendants ask that the Court consider the bad character and lack of credibility of these two individuals as circumstantial evidence and infer from it that they acted with bad faith in all cases, pursuing a scheme to wrongfully obtain dismissals in courts, both trial and appellate, all over Mexico.

This Court agrees with Defendants that these two individuals are not credible and their testimony is untrustworthy if contradicted by other evidence. If there was another version of events presented to this Court, then it would be appropriate to disregard these witnesses' versions and accept the other.

Had the Defendants presented any evidence that either of these individuals acted improperly in their communications and/or dealings with the Mexican courts, then perhaps their argument would be more persuasive. However, there is no such evidence. For example, Mr. Tippetts' assertion that he advised Mexican judges that the Defendants would submit to the jurisdiction of those courts remains unrefuted. The testimony of Justice Armando Garcia Estrada, who the Court finds to be credible, also stands in confirmation that Tippetts did not attempt to have the trial judge dismiss the case before him.

The Defendants assert that proof of Tippetts' and Valenciano's bad character is circumstantial evidence suitable to infer that they were involved in fraudulent activity. Rule 404 of the Tennessee Rules of Evidence is helpful in analyzing this situation. Our Supreme Court recently reaffirmed the limitations placed by Rule 404 and said that,

> Tennessee Rule of Evidence 404(b) is called into play when a trial court must decide whether proof of a defendant's alleged misconduct on one occasion may be admitted in conjunction with proving his alleged misconduct on a separate occasion. . . . Rule of Evidence 404(b) provides categorically that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the

character of a person in order to show action in conformity with the character trait."

While it is clear that Mr. Tippetts falsely represented himself as an attorney when he was not, there is no direct proof of any improper <u>activities</u> with the Mexican courts. Nor is there any circumstantial evidence that is so compelling as to require a finding that he acted improperly in his dealing with these tribunals. At most, it is shown that he improperly represented his credentials. It should be noted that none of the cases filed in Mexico were dismissed because of Mr. Tippetts' misrepresentation of his status as a lawyer.

Accordingly, proof of Mr. Tippetts misrepresenting his status as a lawyer may not be used as proof that he improperly manipulated the Mexican courts. It may only be used to discount his testimony when compared to other evidence. Likewise, proof that Ms. Valenciano concealed two filings may only be used for credibility purposes on matters other than those cases.

Defendants have proven that Ms. Valenciano failed to report that the *Baez Flores* case was initially accepted by a Mexican court in Xalapa but then was voluntarily dismissed and later refiled in Veracruz. Defendants draw two conclusions from this, first, that Ms. Valenciano is not credible and, second, that this serves as proof that foreign domiciled defendants can be subjected to jurisdiction to [sic] Mexican courts. Defendants also point to the apparent concealment of the fact that the *Muro Ramirez* case had been dismissed twice instead of once.

As already stated, this Court agrees that Ms. Valenciano has been shown to lack credibility. Her explanations as to why these filings were not revealed are nonsense.

As to the second point, this Court has previously ruled that it will not consider the dismissals as proof of the law in Mexico, only as proof of the "existence of these rulings" similar to the position taken by the Seventh Circuit Court of Appeals.

Therefore the rulings in these specific cases do not establish what the law in Mexico is or is not.

There is no excuse for the failure to disclose the existence of these two filings in Mexico. Both were handled by Ms. Valenciano and she falsely testified in her deposition when asked about the existence of all cases filed in Mexico. Mr. Tippetts also had knowledge of these cases and his answer that they must have "slipped his mind" is unacceptable. There is no justification for not revealing these two cases in response to discovery or at the depositions.

This Court finds that it should draw adverse inferences from this intentional misbehavior. Therefore, in these two cases, unlike the others, there is countervailing evidence of actions intended to manipulate the courts in Mexico – the attempt at concealment by Ms. Valenciano and Mr. Tippetts. This misconduct also is directed at this Court since the discovery process was abused by them. The Court refuses to consider the actions of the Mexican courts in these two matters.

Accordingly, this Court finds that these two cases should be dismissed since there is no basis for reconsideration of availability and, additionally, as a sanction under Tenn. R. Civ. P. 37 for discovery abuse.

Further, the Court finds that Defendants are entitled to recover their costs and expenses, including attorney fees, associated with obtaining these files in Mexico, having them translated, and appearing in court on February 1, 2011. Defendants shall prepare affidavits of these costs and file them with the Court within thirty days of this Order. . . .

\* \* \*

The cases involving FR480 tires are distinguishable because those tires were actually manufactured and sold in Mexico by Bridgestone Firestone de Mexico. This Court is persuaded by Defendants' analysis and concludes that the evidence clearly and cogently proves that the Mexican entity was intentionally

omitted from the suits filed in Mexico. While Plaintiffs argue that including the Mexican company would have been futile, a Mexican court could have determined that the addition of a defendant domiciled in Mexico may have provided sufficient grounds for accepting jurisdiction over all of the Defendants. Plaintiffs eliminated that possibility by deliberately omitting parties necessary to establish jurisdiction. Therefore this Court will not reconsider the question of availability in cases 05C-1563, 05C-1565, 05C-1566, 05C-1567, 05C-1569, and 05C-1571. Defendants' motions to dismiss should be granted in those cases. . . .

(Headings and footnotes in original omitted; underlining in original; our footnote 3 added.)

II.

As the Defendants point out, the brief filed on behalf of Ramirez and Flores does not provide a statement of the issues on appeal as required by Tenn. R. App. P. 27 (a)(4). The Defendants phrase the issues in those cases as follows:

Whether [the] Plaintiffs have waived their objections to the decision below by failing to identify them as required by Tenn. R. App. P. 27(a)(4).

Whether the trial court's ruling dismissing the cases was an abuse of discretion.

In the FR 480 tire cases, the single, compound, issue raised by the Plaintiffs is:

Whether the trial court erred in dismissing these cases because Plaintiffs . . . did not add a Mexican entity as a defendant in their Mexican filings when the statute of limitations had long since run against any such Mexican entity, Mexico employs a "loser pays" rule, and no Mexican entity was either a Defendant or named as being comparatively at fault in the Tennessee actions.

As to both groups of cases, the Defendants raise the issue of whether the cases should have been dismissed on alternative grounds.

-10-

III.

A.

We begin with the Ramirez and Flores cases. As previously noted, the Defendants raise the issue that Ramirez and Flores have waived any and all issues by failing to include a statement of the issues in their brief as required by Tenn. R. App. P. 27(a)(4). In pertinent part, the Rule requires that the appellant's brief "contain under appropriate headings . . . [a] statement of the issues presented for review." The Defendants cite several cases that have enforced the rule by refusing to address issues that were not properly listed as such in appellant's briefs. *See, e.g.*, ***Bunch v. Bunch***, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008); ***Childress v. Union Realty Co., Ltd.***, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). In their reply brief, Ramirez and Flores assert that their attorney "inadvertently failed to insert the section of [their] Brief entitled 'Issues Presented.' " They say in their reply brief that the issue is as follows:

> Whether the trial court abused its discretion by dismissing the cases of innocent plaintiffs as a discovery sanction for the failure of their lawyers in Mexico to disclose documents.

Ramirez and Flores point out that we are free in our discretion to consider the substance of arguments made in briefs that do not contain a matching statement of the issues. *See **Word v. Word***, 937 S.W.2d 931, 932 n.1 (Tenn. Ct. App. 1996). They also assert that their issue is identified in the first sentence of their statement of the case: "The appeals in these two cases challenge the trial court's dismissal of the cases as an excessive discovery sanction." Ramirez and Flores argue that it would be an impermissible subordination of substance to form to refuse to consider the single, narrow issue that is apparent on the pages of their brief. *See **Powell v. Community Health Systems, Inc.***, 312 S.W.3d 496, 511 (Tenn. 2010) (courts must be careful to not exalt form over substance). We agree with Ramirez and Flores that the single narrow issue is apparent from a reading of their brief. Accordingly, in our discretion, we will consider the issue even though it was not listed as such under an appropriate heading in the brief.

B.

The Defendants also argue that, by limiting their issue to whether the court improperly dismissed the case as a discovery sanction, Ramirez and Flores have left unchallenged an alternative ground for dismissal articulated by the trial court. According to the Defendants,

-11-

[t]he trial court dismissed these cases (1) because Plaintiffs' efforts to manipulate the Mexican and Tennessee courts meant that "there is no basis for reconsideration of availability" of the Mexican forum, and (2) "*additionally*, as a sanction under Tenn. R. Civ. P. 37 for discovery abuse."

(Emphasis in original.) Ramirez and Flores acknowledge in their reply brief that their attorneys "failed to disclose that (a) the Muro Ramirez case had to be re-filed in the Mexican court because the first petition was dismissed due to inadequate documentation and (b) the Baez Flores case was accepted in one Mexican jurisdiction but dismissed and re-filed in another Mexican jurisdiction . . . ." They also acknowledge that "the only issue in this appeal deals with excessive discovery sanctions." The trial court's order confirms that the court did dismiss the case on two grounds – one being a discovery sanction and the other being a finding that the cases were manipulated to defeat jurisdiction in the Mexican courts. The latter holding was based upon an adverse inference drawn from the failure to make the disclosure of the multiple filings of the Ramirez and Flores cases. However, since the failure to make the disclosures happened in discovery, it appears to this Court that the arguments relating to dismissal as a discovery sanction pertains also to dismissal based on an adverse inference drawn from the same alleged discovery abuse. Accordingly, we decline the Defendants' invitation to simply affirm based on the failure of Ramirez and Flores to specifically argue that the trial court should not have dismissed based on its refusal to revisit availability.

C.

We will now consider the question of whether the trial court erred in dismissing the Ramirez and Flores cases as a discovery sanction. "Appellate courts review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard." *Pegues v. Illinois Cent. R. Co.*, 288 S.W.3d 350, 353 (Tenn. Ct. App. 2008). Even though abuse of discretion is a relaxed standard, it "does not . . . immunize a lower court's decision from any meaningful appellate scrutiny." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2)

-12-

reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness.

*Id*. at 524-25.

Ramirez and Flores stress several of the trial court's factual findings as background for their argument. They note the trial court found that other than the FR 480 tire cases and the Ramirez and Flores cases

there is simply no proof that Plaintiffs acted in bad faith and manipulated the various courts of Mexico.

Despite having almost unheard of access to the contents of the files and documents of Plaintiffs' counsel, the best that can be said is that Defendants have raised suspicions and innuendos concerning Plaintiffs' motives and intentions with regard to the remaining cases. The proof does not preponderate in favor of the conclusion that Plaintiffs intended to perpetuate a fraud by improperly obtaining dismissals. . . .

Another finding that Ramirez and Flores stress as an underpinning of their argument is the court's finding that "the rulings of the various Mexican courts refusing to accept jurisdiction are valid interpretations of the law of Mexico." The court made its finding based upon the dismissals that were offered into evidence and its evaluation of expert testimony, including the demeanor and credibility of the experts, concerning whether a non-resident corporation can bestow jurisdiction, or *competencia*, on Mexican courts by "express

-13-

submission." The court noted that "no case has been presented in which a Mexican court has accepted *competencia* over a foreign defendant, not domiciled in Mexico, in a personal injury lawsuit."

The thrust of the argument advanced by Ramirez and Flores is that since the trial court expressly found that Mexico is not an available forum, and that there was no grand scheme to obtain dismissal of the cases by fraud, then it was overly harsh to dismiss the cases based upon a simple oversight of the Mexican lawyers.[4] This argument ignores several vital components of the trial court's findings. First, it ignores the fact that the trial court expressly excluded the Ramirez and Flores cases from the findings upon which Ramirez and Flores attempt to rely. Obviously, one court did accept jurisdiction over the Flores case.

Second, the argument advanced by Ramirez and Flores asks this Court to accept the explanations of the Mexican lawyers, Tippetts and Valenciano, despite the trial court's express finding that they were not credible witnesses, and that their explanations were "nonsense." A trial court's findings which turn on credibility will not be reversed absent "clear, concrete and convincing evidence to the contrary." ***Tennessee Valley Kaolin Corp. v. Perry***, 526 S.W.2d 488, 490 (Tenn. Ct. App. 1974); *see **Lee Medical***, 312 S.W.3d at 525.

Third, the argument ignores the posture of these cases as they came before the trial court, *i.e.*, under an order of remand that expressly instructed the trial court that "it may, in its discretion, hold that the Plaintiffs are precluded from re-litigating the issue of the availability of Mexico as an alternate forum." That is exactly what the trial court did with regard to the Ramirez and Flores cases; it expressly found that "there is no basis for reconsideration of availability." That finding was justified by the failure to disclose (1) that the Ramirez case was dismissed for procedural deficiencies before it was dismissed for lack of jurisdiction and (2) that the Flores case was "accepted" for jurisdiction in Xalapa, Mexico and immediately voluntarily dismissed and re-filed in Veracruz, Mexico.

We find no merit to the argument of Ramirez and Flores that the failure to disclose the prior filings was purely innocent or that the dismissal was too harsh a sanction. Thus, we hold that the trial court did not abuse its discretion in dismissing the Ramirez and Flores cases.

---

[4]At oral argument, counsel for Ramirez and Flores criticized the trial court for dismissing their cases while allowing other cases that had allegedly not even been re-filed in Mexico to proceed. As we have stated, the 18 cases that were not dismissed are not before us in this appeal. Therefore, it is inappropriate to assume that they are correct and use them for comparison.

IV.

A.

We turn now to the FR 480 tire cases. We begin by noting the applicable standard of review:

> [I]t is well settled that we review. . . questions of law de novo with no presumption of correctness given the lower courts' judgments. *E.g.*, **Beare Co. v. Tennessee Dep't of Revenue**, 858 S.W.2d 906, 907 (Tenn. 1993). We review questions of fact "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d).

***Nelson v. Wal Mart Stores, Inc.***, 8 S.W.3d 625, 628-29 (Tenn. 1999).

B.

1.

The FR480 Plaintiffs present several criticisms of the trial court's dismissal of their cases, although it is unclear whether they contend that each criticism is ground for reversal in and of itself. The first criticism is a good example. The FR480 Plaintiffs assert that the "suspicious haze" that doomed the Seventh Circuit case is not present in these cases. *See **In re Bridgestone/Firestone, Inc.***, 420 F.3d 702 (7th. Cir. 2005), *on remand*, 470 F.Supp.2d 917 (2006). That is partly true. However, factual distinctions between the Seventh Circuit case and the FR480 tire cases do not, as a matter of law, require that these cases survive a motion to dismiss.

2.

The next group of criticisms offered by the Plaintiffs in the FR480 tire cases all relate to the idea that by the time the cases were filed in Mexico, the statute of limitations had run against Bridgestone Firestone de Mexico ("BFdM"), the Mexico-based entity that manufactured the tires at issue. It appears to be undisputed that the statute of limitations in Mexico for personal injury product liability claims is two years from accrual and that all the claims accrued no later than August 2002. The FR480 Plaintiffs argue that it is unethical in Tennessee to file an action that is known to be time-barred. They cite no cases; they rely

exclusively on the language of Rule 3.1 of the Tennessee Rules of Professional Conduct found in Rule 8 of the Rules of the Supreme Court. In pertinent part, Rule 3.1 prohibits a lawyer from filing an action unless "the lawyer has a basis in law and fact for doing so. . . ." Counsel even went so far at oral argument as to assert that in the record before us there is not even a good faith basis to allege fault against BFdM. We find this line of argument specious at best. In each of the six FR480 tire cases, the complaint filed in the trial court boldly asserts a manufacturing defect. In the Gonzalez case, docket number 05C-1563, the complaint specifically alleges that BFdM is responsible for the manufacturing defect.

The Defendants assert that they, or their related Mexican manufacturer, BFdM, would have waived the statute of limitations defense. We know of no evidence in the record that directly supports the Defendants' assertion. There is ample evidence in the record, however, that ethical concerns had nothing to do with the reason BFdM was not named as a defendant in the Mexican filings. The evidence contains numerous notes and memoranda among Plaintiffs' counsel recording strategy conversations. One characterizes BFdM as a "viable" defendant.[5] None that we have seen or of which we have been made aware refer to the claims against BFdM as being time-barred, or cite that as the reason for not naming BFdM. Instead, the notes indicate that BFdM should not be named as a defendant in Mexico because, if it is named as a party, "It [, *i.e.,* the lawsuit,] would stay there!!!" Further, since at least two of the Mexican lawyers, one of which was not actually licensed, acted without regard to ethical constraints, it is even more doubtful that ethical concerns had anything to do with the failure to name BFdM as a defendant. The same analysis holds true with regard to the argument of

---

[5] In pertinent part, the document states:

> Yesterday I had a long conversation with Mark Tippetts. He claims to have thirty-one cases from Tennessee that he will be filing in ten to twelve Mexican states in the near future. His aim is to have all of these dismissed, and to have the dismissals affirmed by the various Mexican state appellate courts of last resort. He will then re-file them in Tennessee.
>
> He claims to have nine Firestone FR 480 cases like ours, where the tires were manufactured by Bridgestone/Firestone de Mexico at its plant in Cuernavaca, Morelos. He himself is not certain that he will pursue these actions, because of the existence of a viable Mexican corporate defendant. If he does, he will not sue Bridgestone/Firestone de Mexico but will sue Bridgestone/Firestone North America and Bridgestone Corporation on a pure design defect theory, on the basis that the Firestone FR 480 was designed in the Unites States. His ultimate fear is that even if these cases are dismissed by the Mexican courts, and re-filed in Tennessee, a successful argument will be made that the wrong entity was sued, and that the Firestone FR 480 cases will be thrown back into the Mexican courts.
> . . . .

the Plaintiffs in the FR480 tire cases that any claim against BFdM would be frivolous, and could subject them to the "loser-pays" rule employed in Mexico.

3.

The FR480 Plaintiffs next argue that the only evidence of manipulation is found in two documents that "standing alone are neutral at best." One of the referenced documents is a set of notes made by attorney Victor Carrera of a telephone conversation with Mr. Tippetts. One statement recorded in Mr. Carrera's notes was: "DO NOT SUE MEXICAN ENTITY." (Capitalization in original.) The other document is a letter from Mr. Carrera to Mr. Tippetts wherein Carrera states: "You will notice that the pleadings in Tennessee allege manufacturing defects in addition to design defects, which will have to be eliminated from any new suit filed in [Mexico]." The Plaintiffs in the FR480 tire cases say that there was an innocent explanation for their actions in that a manufacturer in Tennessee product liability law includes a designer. *See* Tenn. Code Ann. § 29-28-102(4) (2012)(definition of manufacturer). We do not find this point to be persuasive. As we have previously noted, the complaint in each of these cases alleges that a defect was introduced into the subject tires during the manufacturing process. If there was a good faith basis in Tennessee to allege a manufacturing defect, we do not understand why the lawyers were dead set against asserting a manufacturing defect claim in the Mexican courts, unless they were afraid it would provide a basis for jurisdiction. At best, the pleadings in Tennessee are an admission by these Plaintiffs that there was a defect introduced into the tires during the production process in Mexico. Moreover, we do not agree that the documents reflect innocence when viewed in the context of the record as a whole.

We also note that these Plaintiffs do not seem to take issue with the trial court's use of the word "may" instead of the word "probably" in the following statement:

> While Plaintiffs argue that including the Mexican company would have been futile, a Mexican court could have determined that the addition of a defendant domiciled in Mexico may have provided sufficient grounds for accepting jurisdiction over all of the Defendants. Plaintiffs eliminated that possibility by deliberately omitting parties necessary to establish jurisdiction.

We will not create an issue where none is raised.[6]

---

[6]Counsel did belatedly take issue with the factual basis for the finding at oral argument.

4.

Finally, the Plaintiffs in the FR480 cases argue that *forum non conveniens* requires that jurisdiction in the alternate forum exist based on exactly the same parties and the same causes of action. They cite no case law for this proposition, but argue that it is "only logical" and implicit in the doctrine. If that is true, these Plaintiffs took themselves out of contention by excluding the manufacturing defect claim that was asserted in Tennessee.

Also, even if we accept these Plaintiffs' argument at face value, we are not persuaded that it controls the outcome given the present posture of these cases. We cannot and will not ignore the history of the cases including our holding in **Firestone II** that "in the absence of [a] change in the material facts underlying [the prior] determination" that Mexico is an available forum, our previous dismissal stands. 286 S.W.3d at 909. In the context of the remand, these Plaintiffs bore the burden of proving that Mexico was not an available forum and that they genuinely tried to do everything that was necessary to capture that availability. These Plaintiffs have not carried that burden. The record demonstrates that counsel considered the possibility of naming BFdM as a defendant but decided against it knowing that they were excluding the manufacturing defect claim asserted in Tennessee. They were convinced that if they named BFdM as a defendant, the cases would stay in Mexico. It was obviously a deliberate choice. There is also no dispute that Plaintiffs' counsel, both in Mexico and the United States, wanted the Mexican filings dismissed. Their motive is not dispositive, but corroborates the reason behind their choices.

In summary, the FR480 Plaintiffs have not shown either that the evidence preponderates against the trial court's factual findings, or that the trial court made any errors of law. Accordingly, we find no reversible error in the trial court's dismissal of the FR 480 tire cases.

V.

A.

Given the novelty of the questions presented in this case, and the likelihood that the dissatisfied party will ask for permission to appeal our judgment to the Supreme Court, we will also consider the Defendants' assertions that there are alternative grounds for affirming the dismissals. The Defendants argue that the trial court erred in "recognizing" the Mexican dismissals. The basis for their argument is that Tennessee, like the majority of jurisdictions, does not enforce foreign judgments unless the parties to the foreign judgment had notice and an opportunity to be heard. *See **Tarrazas v. Riggs***, 612 S.W.2d 461, 465, (Tenn. Ct. App. 1980). It is undisputed that the Defendants did not receive notice of the filings in Mexico

until the cases were re-filed in Tennessee. In Mexico, courts first determine jurisdiction and then, if prima facie jurisdiction exists, notify the defendants of the action against them. *See Firestone II* at 901 n.5. Nevertheless, we are persuaded that the Defendants' argument misses the mark. The trial court did not give the dismissals force of law. Rather, the trial court merely treated the dismissals as non-conclusive evidence that Mexico is not an available alternative forum. In the present cases, the court found that evidence unpersuasive.

B.

Next, the Defendants argue that the trial court should have found that the Plaintiffs waived any challenge to Mexico as an available forum by failing to make that challenge in *Firestone I*. To the extent the Defendants argue that waiver happened as a matter of law, that argument is foreclosed by our refusal in *Firestone II* to hold as a matter of law that Mexico is an available forum. 286 S.W.3d at 909.

The primary thrust of the Defendants' argument appears to be that the trial court erred in finding that it was not foreseeable to the Plaintiffs that Mexico would dismiss their cases for lack of jurisdiction. In *Firestone II*, we invited the trial court to determine on remand the foreseeability to the Plaintiffs of the dismissals in Mexico. *Id*. The trial court found that "[i]t was not foreseeable to the Plaintiffs that Mexican courts would refuse to accept jurisdiction over these cases until after the Supreme Court had denied the application for permission to appeal in June of 2004." The Defendants make the very persuasive point that the key to the Plaintiffs' challenge to the availability of Mexico as a forum is that a plain reading of Mexican statutes shows Mexican courts can never accept jurisdiction over foreign defendants in personal injury actions, even if they agree to waive jurisdiction. According to the Plaintiffs' own expert, presumably the one the trial court found to be highly credible and sincere, this same rule of law has "existed for many years." Nothing has changed since the Plaintiffs began filing their cases in 2000, except that what they expected happened, *i.e.*, the cases were dismissed in Mexico.

The Defendants also point out that the Plaintiffs' own Tenn. R. App. P. 11 application for permission to appeal filed in *Firestone I* on January 30, 2004, conclusively shows that the trial court was wrong in tying foreseeability of dismissal to June 10, 2004, the date the Plaintiffs allegedly became aware of the dismissal of another case by a Mexican court. This is because the Plaintiffs argued in their application for permission to appeal, filed several months before June 10, 2004, that Mexico was not an available forum. The Plaintiffs argued in their Rule 11 application that the order of dismissal should at least include a condition that the Plaintiffs could return to Tennessee in case of dismissals in Mexico, based partly on their assertion that parties cannot confer jurisdiction on a recalcitrant Mexican court by agreement.

-19-

We agree with the Defendants that the evidence preponderates against the trial court's finding that it was not foreseeable to the Plaintiffs at the time of *Firestone I* that Mexico would not accept jurisdiction over these particular cases. The Plaintiffs' arguments to the contrary are not persuasive. We therefore hold, alternatively, that even if the trial court erred in the dismissing the cases for the reasons we have previously discussed, the trial court reached the correct result because it was foreseeable to the Plaintiffs, and should have been argued in *Firestone I*, that Mexico would not accept jurisdiction over their cases.

C.

The Defendants argue that the trial court made several errors that should be examined closely before reversing the trial court's decision. One of the alleged errors is in finding the Plaintiffs' expert, Judge Armando Garcia Estrada, to be a credible witness. There is no merit to this argument. As we have previously noted, credibility is better addressed by the trial court, and its credibility findings will not be lightly disturbed. *Tennessee Valley Kaolin*, 526 S.W.2d at 490.

Another of the alleged errors is accepting the Mexican dismissal orders as "evidence" of a lack of jurisdiction. The Defendants argue, in essence, that the Mexican dismissal orders cannot be given any weight absent a clear legal analysis of Mexican law. The Defendants go too far. In *Firestone I*, we noted that any Tennessee judge that hears these cases will have great difficulty determining the law in "at least eleven different Mexican states" and will only be able to do that after "a battle of experts just to determine the plain language of the applicable law." 138 S.W.3d at 209. That is exactly what the trial court did. We will not fault the court for doing what we predicted.

The Defendants also argue that the trial court erroneously "flipped the burden of proof" and required the Defendants to prove fraud by clear and convincing evidence. We are not persuaded by this argument because we think that the court nevertheless left the ultimate burden of persuasion as to whether there had been a change in the circumstances with the Plaintiffs. Also, given the liberality with which the court allowed discovery into the files of the Plaintiffs' lawyers, we believe that any error in allocation of the burden of proof was harmless. If there was any fraud present, the Defendants should have been able to find it and prove it.

Another argument the Defendants make is that the trial court erred in finding the misconduct of Tippetts and Valenciano in the eight cases that were dismissed to be inadmissible in the 18 cases that were not dismissed. Those cases are not before us. Accordingly, we will not address this argument.

## VI.

The judgment of the trial court is affirmed. Cost on appeal are taxed to the appellants, Dhyanna Muro Ramirez, Sacramento Baez Flores, Juan Antonio Gonzalez, Bricio Yanez Islas, Francisco Zuno Perez, Gabriella Arellano Medina, Ivan Hillman Chapoy and Estanislao Amezcua Sanchez. This case is remanded, pursuant to applicable law, for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE